IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jonathon Banks, a minor )<br>by Shonnette Banks, his mother )<br>and next friend, )<br>) <br>       Plaintiff, )<br>)<br>   v. )<br>)<br>City of Chicago, a municipal corporation )<br>Department of Police, and Police Officer )<br>Alonzo Cothran, Star #2721, )<br>)<br>       Defendants. ) | Case No 07 C 6179<br><br>Judge Coar<br><br>JURY TRIAL DEMANDED |

**DEFENDANT COTHRAN'S ANSWER, DEFENSES AND JURY DEMAND
TO PLAINTIFF'S AMENDED COMPLAINT AT LAW**

Defendant, Alonzo Cothran (Defendant Officer), by and through one of his attorneys, Matthew R. Hader, Assistant Corporation Counsel for the City of Chicago, hereby states for his Answers and Defenses to Plaintiff's Amended Complaint as follows:

COUNT I- Negligence

1. That at all times pertinent hereto, Plaintiff Jonathon Banks was a minor, age 14 years, was a citizen and resident of the City of Chicago, residing with his mother, Shonnette Banks at 3423 West Douglas Boulevard, County of Cook, State of Illinois.

**ANSWER:** Defendant Officer lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Defendant City of Chicago is a municipal corporation located in the County of Cook, State of Illinois. It includes the Chicago Police Department, which employs police officers and other personnel including Police Officer Defendant Alonzo Cothran, Star #2721.

**ANSWER:** Defendant Officer admits the allegations contained in paragraph 2.

3. That on or about June 28, 2006, Plaintiff Jonathon Banks was taken from the area of the front of his residence by several uniformed members of the Chicago Police Department, including Officer Alonzo Cothran, Star #2721. He was placed in a squad car and driven to a nearby alley.

**ANSWER:**   Defendant Officer denies the allegations contained in paragraph 3.

4.   That at all times herein Chicago Police Officer Alonzo Cothran, Star #2721 was an employee of the City of Chicago acting as its agent.

**ANSWER:**   Defendant Officer admits the allegations contained in paragraph 4.

5.   That while removing Plaintiff from the squad car, Chicago Police Officer Alonzo Cothran, Star #2721 made physical contact with Plaintiff.

**ANSWER:**   Defendant Officer denies the allegations contained in paragraph 5.

6.   That the Defendants, and each of them named herein, by and through their agents, servants and employees, committed one or more of the following wrongful acts or omissions:
  a.   Made physical contact with the minor Plaintiff;
  b.   Failed to properly train, supervise and instruct Chicago Police Officer Alonzo Cothran, Star #2721 in proper procedures;
  c.   Failed to care for the safety of the Plaintiff.

**ANSWER:**   Defendant Officer denies the allegations contained in paragraph 6.

7.   That as a direct and proximate result of one or more of the above wrongful acts or omissions to act, the minor Plaintiff, Jonathon Banks was caused to be injured.

**ANSWER:**   Defendant Officer denies the allegations contained in paragraph 7.

8.   That as a further direct and proximate result of the above and foregoing actions on the part of the Defendants, and each of them, Plaintiff Jonathon Banks suffered injuries, and he was caused to incur medical expenses.

**ANSWER:**   Defendant Officer denies the allegations contained in paragraph 8.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count I, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

<u>COUNT II - Civil Rights, Title 42. Section 1982 U.S.C.A.</u>

1.   This action arises under the Constitution of the United States, Amendment 13, and Title 42, Section 1982 of the United States Code Annotated.

**ANSWER:**   Defendant Officer denies the allegations contained in paragraph 1.

2.  That at all times pertinent hereto, Plaintiff Jonathon Banks was a minor, age 14 years, was a citizen and resident of the City of Chicago, residing with his mother, Shonnette Banks at 3423 West Douglas Boulevard, County of Cook, State of Illinois.

**ANSWER:** Defendant Officer lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3.  The City of Chicago is a municipal corporation located in the County of Cook, State of Illinois. It includes the Chicago Police Department, which employs police officers and other personnel including Police Officer Alonzo Cothran, Star #2721.

**ANSWER:** Defendant Officer admits the allegations contained in paragraph 3.

4.  That on or about June 28, 2006, Plaintiff Jonathon Banks was taken from the area of the front of his residence by Chicago Police Officer Alonzo Cothran, Star #2721.

**ANSWER:** Defendant Officer denies the allegations contained in paragraph 4.

5.  That at said time and place, Chicago Police Officer Alonzo Cothran, Star #2721 blindfolded Plaintiff, placed him in the back of a marked City of Chicago, Department of Police "blue and white" marked vehicle. He was taken to an area, upon information and belief, in the alley of 1500 South Sawyer, Chicago, Illinois, at which time Chicago Police Officer Alonzo Cothran, Star #2721 began to strike, beat, kick, and verbally assault said Plaintiff.

**ANSWER:** Defendant Officer denies the allegations contained in paragraph 5.

6.  At the conclusion of the events referenced in number 5 above, Chicago Police Officer Alonzo Cothran, Star #2721 advised the minor Plaintiff to run or he would "shoot him".

**ANSWER:** Defendant Officer denies the allegations contained in paragraph 6.

7.  That as a direct result of the physical force inflicted upon the minor Plaintiff, he sustained injuries internal and external, incurred medical and hospital expenses, suffered great pain and was otherwise permanently injured, all to his damage in a sum in excess of the minimal jurisdictional amount of this Court.

**ANSWER:** Defendant Officer denies the allegations contained in paragraph 7.

8.  That all of the foregoing actions of Chicago Police Officer Alonzo Cothran, Star #2721 were wrongful and constituted direct violation of Plaintiff's constitutional rights guaranteed by the 4th and 14th amendments to the United States Constitution and 42 USC 1983.

**ANSWER:** Defendant Officer denies the allegations contained in paragraph 8.

9.  That the actions of Chicago Police Officer Alonzo Cothran, Star #2721 were performed under color of state law.

**ANSWER:** Defendant Officer denies the allegations contained in paragraph 9.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count II, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

COUNT III - Assault and Battery

1-6. Plaintiff adopts and realleges paragraphs 1 through 6 of Count I as paragraphs 1 through 6 of Count III as though fully set forth herein.

**ANSWER:** Defendant Officer restates his Answers for Paragraphs 1 through 6 of Count I herein as his Answer to Paragraphs 1 through 6 of Count III as if fully stated herein.

7. Defendant Chicago Police Officer Alonzo Cothran, Star #2721 has individually, and as agent for the Defendant City of Chicago, inflicted battery upon the Plaintiff.

**ANSWER:** Defendant Officer denies the allegations contained in paragraph 7.

8. Defendant Chicago Police Officer Alonzo Cothran, Star #2721's conduct as aforesaid resulted in both physical and emotional injuries to the minor Plaintiff.

**ANSWER:** Defendant Officer denies the allegations contained in paragraph 8.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count III, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

**DEFENSES, 12(b)(6) DEFENSES and AFFIRMATIVE DEFENSES**

1. Plaintiff cannot establish willful and wanton misconduct on the part of Defendant Officer; therefore Defendant Officer is immune from suit. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

2. Defendant Officer is not liable for any injury caused by the acts or omissions of another person. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-204.

3. To the extent any injuries or damages claimed by Plaintiff were proximately

caused, in whole or in part, by any wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful or wanton behavior, as opposed to "intentional" willful or wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See Poole v. City of Rolling Meadows*, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill.Dec. 171 (Ill. 1995).

4.  As to plaintiff's state law claims, the Defendant Officers are not liable to pay attorney's fees, as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979)(internal citations omitted).

## JURY DEMAND

The Defendant Officer requests trial by jury.

                                      Respectfully submitted,

                                      s/ Matthew R. Hader
                                      MATTHEW R. HADER
                                      Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-9586
(312) 744-6566 (Fax)
Atty. No. 06284330

**CERTIFICATE OF SERVICE**

I, Matthew R. Hader, hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF FILING** and **DEFENDANT COTHRAN'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S AMENDED COMPLAINT AT LAW,** to be sent via e-filing to the person(s) named in the foregoing Notice, a "Filing User" pursuant to Case Management/Electronic Case Files, on November 28, 2007, in accordance with the rules governing the electronic filing of documents.

        s/ Matthew R. Hader
        MATTHEW R. HADER
        Assistant Corporation Counsel