**IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JONATHON BANKS, a minor, | ) | |
| by SHONNETTA BANKS, his mother | ) | **07 C 6179** |
| and next friend, | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE COAR |
| | ) | |
| vs. | ) | MAGISTRATE ASHMAN |
| CITY OF CHICAGO, a municipal | ) | |
| Corporation, Department of Police and | ) | |
| Police officer ALONZO COTHRAN, | ) | |
| Star #2721, | ) | |

## DEFENDANTS' JOINT MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT

Defendant Officer Alonzo Cothran "Officer Cothran" by one of his attorneys, Mary

McCahill, Assistant Corporation Counsel of the City of Chicago and Defendant City of Chicago, by

its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, submit the following

memorandum in support of their motion for summary judgment:

### STATEMENT OF FACTS

See the Local Rule 56.1 Statement of Uncontested Facts In Support of the Defendants'

Motion for Summary Judgment.

### PROCEDURAL HISTORY

On July 18, 2006, Plaintiff filed his complaint in the Circuit Court of Cook County.  Plaintiff

subsequently filed an Amended Complaint at Law ("Amended Complaint") on October 11, 2007.

Defendant Cothran removed the case to the United States District Court, Northern District of

Illinois, Eastern Division, on November 1, 2007.

On March 5, 2008, this Court entered a scheduling order in this case, establishing, among

other deadlines, that fact discovery is cut off as of June 25, 2008.  See March 5, 2008 Scheduling

1

Order, attached as Exhibit A.  The parties timely tendered their 26(a)(1) disclosures to each other.

To date, Plaintiff has issued no written discovery to the defendants.  Furthermore, Plaintiff has not taken the deposition of any individuals, including Officer Cothran.

## STANDARD OF REVIEW

According to the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A defendant moving for summary judgment has the burden of showing the absence of genuine issue as to any material fact, and such material must be viewed in a light most favorable to opposing party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1980).  However, the court is not required to draw every conceivable inference from the record; the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## ARGUMENT

### DEFENDANTS ARE
### ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS.

Plaintiff makes three claims: (1) "Negligence" (Count I); (2) "Civil Rights, Title 42, Section [sic] 1982 U.S.C.A.," which describes a fourth amendment excessive force claim (Count II) and (3) "Assault and battery" (Count III).  In fact, none of Plaintiff's rights were violated by Defendant Officer Cothran.  Therefore, Officer Cothran and the City are entitled to summary judgment on all claims.

## I.    DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S NEGLIGENCE CLAIM

In Count I of his Amended Complaint, Plaintiff claims that Defendants were "negligent"

2

under Illinois law because they: 1) "made physical contact with the minor Plaintiff," 2) "failed to properly train, supervise and instruct Chicago Police Officer Alonzo Cothran, Star #2721 in proper procedures" and 3) "failed to care for the safety of Plaintiff." As set forth below, Plaintiff's common law negligence claims are without merit.

Section 2-202 of the Tort Immunity Act provides: "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." Regardless of whether Officer Cothran was engaged in the execution and enforcement of the law at the time relevant to the complaint, thereby affording him with the protections of the Tort Immunity Act, it is undisputed that Officer Cothran did not proximately cause Plaintiff's injuries. In an action for willful and wanton misconduct, as with an action for ordinary negligence, Plaintiff must establish 1) an existence of a duty, 2) breach of that duty, and 3) that the breach of duty was the proximate cause of Plaintiff's injury. Wade v. City of Chicago, 364 Ill.App.3d 773, 781 (1st Dist. 2006); Jones v. DHR Cambridge Homes, Inc., Ill.App.3d 18, 29 (1st Dist. 2008).

In Count I Plaintiff alleges that "on June 28, 2006, Plaintiff Jonathon Banks was taken from the area of the front of his residence by several uniformed members of the Chicago Police Department, including Officer Alonzo Cotrhan, Star #2721. He was placed in a squad car and driven to a nearby alley." Plaintiff further alleges that "while removing Plaintiff from the squad car, Chicago Police Officer Alonzo Cothran, Star #2721 made physical contact with Plaintiff." Plaintiff alleges his residence is located at 3423 West Douglas Boulevard, County of Cook, State of Illinois.

It is undisputed that Officer Cothran was not working, was not wearing a uniform, and did not have access to a squad car on June 28, 2006. See Def. 56.1(a)(3) ¶¶5-6. Furthermore, it is undisputed that 3423 West Douglas Boulevard, County of Cook, State of Illinois is in the 10th

3

District, and not the 11th District where Officer Cothran works.  See Def. 56.1(a)(3) ¶7-8.  Finally, it is undisputed that Officer Cothran has no knowledge of the incidents alleged in Plaintiff's Amended Complaint, he did not participate in any way in the alleged apprehension or beating of Jonathon Banks and did not otherwise make any contact with Jonathon Banks on June 28, 2006 or any other day.  See Def. 56.1(a)(3) ¶9.  Accordingly, Officer Cothran could not have proximately caused the injuries Plaintiff complains of in the manner he describes.  Since Officer Cothran in no way encountered Plaintiff on June 28, 2006, it cannot be shown that Officer Cothran had any sort of duty to care for the safety of Plaintiff that would subject him to liability on a negligence claim. Even if some other police officer committed these acts, Officer Cothran cannot be liable for the actions of others.  See 745 ILCS 10/2-204 (2006).

Since Officer Cothran is entitled to judgment in his favor on Count I, Defendant City also should be entitled to judgment in its favor on that count.  Under the Tort Immunity Act, a municipality is not liable for an injury resulting from an act or omission of its employee where its employee is not liable.  745 ILCS 10/2-109 (2006).  Since Officer Cothran is entitled to judgment as a matter of law on Plaintiff's negligence claim, and therefore cannot be found liable on those claims, Defendant City also cannot be found liable for any negligence claim attributable to Officer Cothran.

Furthermore, Defendant City cannot be found liable of negligence for allegedly failing to properly train, supervise and instruct Officer Cothran in unspecified proper police procedures.  As mentioned above, as part of the elements of a negligence claim, Plaintiff must show that Defendant City's breach of a duty was the proximate cause of Plaintiff's injury.  Wade, 364 Ill.App.3d at 781; Jones, Ill.App.3d at 29.  Assuming that Defendant City had a duty properly train, supervise and instruct Officer Cothran, and that it breached that duty, no evidence exists to show that such a failure proximately caused Plaintiff's injuries as Officer Cothran had no contact with Plaintiff on June 28, 2006.  See Def. 56.1(a)(3) ¶9.  Plaintiff does not have evidence sufficient to support his

Count I negligence claim against Defendant City and Officer Cothran and, therefore, judgment should be entered in favor of Defendant City and Officer Cothran on Count I.

## II.     DEFENDANTS ARE ENTITLED TO SUMMARY JUDGEMENT ON PLAINTIFF'S ASSAULT AND BATTERY CLAIMS

In Count III of his Amended Complaint, Plaintiff alleges Illinois common law claims of assault and battery against Officer Cothran that resulted in physical and emotional injuries to Plaintiff.  These claims should be dismissed for reasons similar to those made by Defendants in support of their request that the Court dismiss Count I.

Under Illinois law, a defendant commits a battery when he or she wilfully touches another person, resulting in an offensive contact to the person of the plaintiff.  See  McNeil v. Carter, 318 Ill.App.3d 939, 944 (3rd Dist. 2001); see also Pechan v. DynaPro, Inc., 251 Ill.App.3d 1072, 1084 (2nd Dist. 1993); Parrish by Bowker v. Donahue, 110 Ill.App.3d 1081, 1083 (3rd Dist. 1982).  A person commits an assault by placing another person in reasonable apprehension of receiving a battery.  S & F Corp. v. Daley, 59 Ill.App.3d 1024, 1030 (1st Dist. 1978); see also McNeil, 318 Ill.App.3d at 944.

As set forth above, it is undisputed that Officer Cothran was not working, was not wearing a uniform, and did not have access to a squad car on June 28, 2006.  See Def. 56.1(a)(3) ¶¶5-6. Furthermore, it is undisputed that 3423 West Douglas Boulevard, County of Cook, State of Illinois is in the 10th District, and not the 11th District where Officer Cothran works.  See Def. 56.1(a)(3) ¶7-8.  Finally, it is undisputed that Officer Cothran has no knowledge of the incidents alleged in Plaintiff's Amended Complaint, he did not participate in any way in the alleged apprehension or beating of Jonathon Banks and did not otherwise make any contact with Jonathon Banks on June 28, 2006 or any other day.  See Def. 56.1(a)(3) ¶9.  Therefore, because there is no evidence whatsoever

5

to support Plaintiff's claims that Officer Cothran committed an assault and battery upon Plaintiff, Officer Cothran is entitled to judgment in his favor on the assault and battery claims of Count III of the Amended Complaint.

Similar to the negligence claim in Count I, since Officer Cothran is entitled to judgment in his favor on Count III, Defendant City also should be entitled to judgment in its favor on Count III. Officer Cothran is entitled to judgment as a matter of law on Plaintiff's assault and battery claims, and because he cannot be found liable on those claims, Defendant City also cannot be found liable on those Count III claims. See 745 ILCS 10/2-109 (2006) (stating that a governmental employer cannot be liable if its employee is not liable).

## III.    DEFENDANT OFFICER COTHRAN IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S SECTION 1983 CLAIM

In Count II of Plaintiff's Amended Complaint, which is directed solely to Defendant Officer Cothran, Plaintiff brings a fourth amendment claim for excessive force under §1983 and references the 14th Amendment for reasons that are unclear.[1]  Specifically, Plaintiff alleges that on June 28, 2006, Officer Cothran took Plaintiff from the area in front of his residence located at 3423 West Douglas Boulevard, blindfolded Plaintiff, placed him in the back of a marked Chicago Police car, took him to an alley located at 1500 South Sawyer, and began to beat him.  Plaintiff's federal claims fail.

It is well established that "[s]ection 1983 creates a cause of action based upon personal liability and predicated upon fault."  Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983).

---

[1] Plaintiff references the 14th Amendment without describing any conduct whatsoever that would invoke Plaintiff's 14th Amendment rights.  Accordingly, to the extent Plaintiff brings a claim under the 14th Amendment, it should be dismissed because it amounts to conclusory allegations. See Payne v. Churchich, 161 F.3d 1030, 1039 (7th Cir. 1998) (Refused to consider conclusory allegations of constitutional violations).

6

Liability under §1983 does not attach unless the individual defendant caused or participated in a constitutional deprivation. <u>Payne v. Churchich</u>, 161 F.3d 1030, 1039 (7th Cir. 1998). Accordingly, to sustain an action under §1983, there must be a causal link between the misconduct complained of and the official sued. <u>Wolf-Lillie</u>, 699 F.2d at 869. Once again, it is undisputed that Officer Cothran was not working, was not wearing a uniform, and did not have access to a squad car on June 28, 2006. <u>See</u> Def. 56.1(a)(3) ¶¶5-6. Furthermore, it is undisputed that 3423 West Douglas Boulevard, County of Cook, State of Illinois is in the 10th District, and not the 11th District where Officer Cothran works. <u>See</u> Def. 56.1(a)(3) ¶7-8. Finally, it is undisputed that Officer Cothran has no knowledge of the incidents alleged in Plaintiff's Amended Complaint, he did not participate in any way in the alleged apprehension or beating of Jonathon Banks and did not otherwise make any contact with Jonathon Banks on June 28, 2006 or any other day. <u>See</u> Def. 56.1(a)(3) ¶9.

Thus, Plaintiff cannot dispute that there is no causal link between the misconduct complaint of and Officer Cothran, and Officer Cothran is entitled to judgment in his favor on Count II of the Amended Complaint.

## CONCLUSION

WHEREFORE, for the reasons stated above, Defendants respectfully request that this Honorable Court grant Defendants Motion for Summary Judgment and for such other relief as this Court deems just and appropriate.

Respectfully submitted,

 /s/ Thomas Aumann                          /s/ Mary McCahill
Thomas Aumann                              Mary McCahill
Attorney for Defendant City of Chicago     Attorney for Defendant Officers

7

30 N. LaSalle St., Suite 1020                30 N. LaSalle St., Suite 1400
Chicago, IL  60602                           Chicago, IL  60602
(312) 744-1566                               (312) 742-6404
Attorney No. 06282455                        Attorney No. 06277989

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the above and foregoing **Defendants' Joint Memorandum in Support of Summary Judgment, Defendants' Motion for Summary Judgment and Defendants' Rule 56.1(a)(3) Statement in Support of their Motion for Summary Judgment** to be delivered via U.S. Mail to the person named below on August 22, 2008.


TO:   Richard J. Grossman, Esq.,
      Steinberg, Burtker & Grossman, Ltd.
      55 E. Monroe St., Suite 2920
      Chicago, IL 60603


                        /s/ Mary McCahill
                        Mary McCahill