IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JONOTHAN BANKS, a minor, by SHONETTA BANK, his mother and next friend, | ) ) ) ) | |
| *Plaintiff*, | ) | 07 C 6179 |
| v. | ) ) | |
| CITY OF CHICAGO, a municipal Corporation, Department of Police and Police officer ALONZO COTHRAN, Star #2721. | ) ) ) ) ) | Honorable David H. Coar |
| *Defendants*. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before this court is a motion for summary judgment on all counts filed by defendants City of Chicago and Police officer Alonzo Cothran ("Defendants") against Jonathan Banks, a minor, and Shonnetta Banks, his mother ("Plaintiffs"), pursuant to Federal Rule of Civil Procedure 56. Defendants removed this action to federal court in November of 2007. The Plaintiffs' First Corrected Amended Complaint ("Complaint") contains three counts. Count I states a claim against both Defendants, alleging that they were negligent under state law in their treatment of Plaintiff Jonathan Banks by making physical contact with him, failing to care for his safety, and failing to properly train, supervise, and instruct Defendant Officer Cothran. Count II states a § 1983 claim against Officer Cothran, alleging that he violated Mr. Banks' Fourth Amendment rights by using excessive force against him. Count III states an Illinois law claim against both Defendants for assault and battery. Defendants timely filed their motion for summary judgment and Plaintiffs were ordered to respond by September 16, 2008. Plaintiffs

1

filed a motion for extension of time to respond, which was granted, allowing Plaintiffs until October 15, 2008 to respond. On October 15, 2008, the Plaintiff moved for an additional extension of time to respond, which this Court subsequently denied. The Defendants then filed a timely reply to their motion for summary judgment. For the reasons set forth below, Defendants' motion is GRANTED in full.

## FACTS[1]

On November 11, 2007, Defendants removed the instant action from the Circuit Court of Cook County to this Court, pursuant to 28 U.S.C. §1441(a), (b), and (c), and §1446. The Plaintiffs' complaint alleged that on or about June 28, 2006, Plaintiff Jonathan Banks, a minor, was taken from the area in front of his residence, located at 3423 West Douglas Boulevard, Chicago, Illinois, by several uniformed members of the Chicago Police Department, including Defendant Officer Alonzo Cothran. According to the complaint, Mr. Banks was placed in a marked vehicle belonging to the Department of Police and driven to a nearby alley, located at 1500 South Sawyer, Chicago, Illinois, where he was physically and verbally assaulted by Officer Cothran.

It is undisputed that since November 20, 2003, Officer Cothran has been assigned to the 11th police district. Furthermore, Officer Cothran was not working on June 28, 2006, the night of alleged incident, nor was he wearing a uniform or driving a squad care. Additionally, both of the areas where Mr. Banks was allegedly arrested and beaten are located within the geographic boundaries of the 10th police district.

---

[1] Unless otherwise noted, the following facts are undisputed and derived from the Defendants' statement submitted pursuant to Local Rule 56.1. Because the Plaintiffs failed to file a response or dispute the Plaintiffs' statement of facts, we depart from the usual practice of construing facts in favor of the non-movant, and instead admit all properly supported facts set forth in the Defendants' 56.1(a)(3) Statement of Uncontested Facts. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. Ill. 2003); *see also Johnson v. Gudmundsson*, 35 F.3d 1104, 1108 (7th Cir. 1994).

## ANALYSIS

A. <u>Summary Judgment Standard</u>

A party seeking summary judgment has the burden of showing that there are no genuine issues of material fact that would prevent judgment as a matter of law. Fed. R. Civ. P. 56. When reviewing a motion for summary judgment, the court will "view all facts and draw all inferences in the light most favorable to the non-moving party." *Chortek v. City of Milwaukee,* 356 F.3d 740, 745 (7th Cir. 2004). Once a summary judgment motion has been filed, the non-moving party must show through specific evidence that a triable issue of fact remains on issues it bears the burden of proof at trial. *Liu v. T & H Machine, Inc.,* 191 F.3d 790, 797 (7th Cir. 1999). Summary judgment is appropriate if the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial. *Ortiz v. John O. Butler Co.,* 94 F.3d 1121, 1124 (7th Cir. 1996). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Plaintiffs failed to respond to the Defendants' motion for summary judgment and Local Rule 56.1 Statement of Uncontested Facts. Although the court generally construes facts in favor of the non-moving party in the context of a motion for summary judgment, a party's failure to respond to a movant's Statement of Uncontested Facts results in the admission of the statement for the purposes of the motion. *See Smith*, 321 F.3d at 683; *see also* N.D. Ill. L.R. 56.1(b). Furthermore, the survival of a plaintiff's case in the face of a motion for summary judgment requires that he go beyond the pleadings and point to specific, material facts which give rise to a genuine issue of material fact in order to defeat summary judgment. *Celotex Corp.*, 477 U.S. at 324. Because Plaintiffs declined to file a response brief, they have failed to meet this obligation.

Because there are no remaining issues of material fact and the record is adequate to defeat the Plaintiffs' claims, the Defendants' motion for summary judgment is granted in full.

B. Count I

Plaintiffs claim that the Defendants, in the scope of their various duties, were negligent under Illinois law because they 1) made physical contact with the minor Plaintiff, 2) failed to properly train, supervise, and instruct Officer Cothran, and 3) failed to care for the safety of Mr. Banks. Given the facts admitted to the record, the Plaintiffs cannot make a showing of negligence.

Under the Illinois Tort Immunity Act, "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202 (2006). The Plaintiffs allege that Officer Cothran negligently made physical contact with Mr. Banks. However, the facts indicate that Officer Cothran could not have directly or proximately made contact with Mr. Banks because he was not working, wearing a uniform, or able to access a squad care on June 28, 2006, the night of the alleged incident. *See* Def. 56.1(a)(3) ¶¶ 5-6. Additionally, both the alleged arrest and alleged beating took place in the 10th District, whereas Officer Cothran works in the 11th District. *See id.* at ¶¶ 7-8. Although it is possible that Officer Cothran was working outside of the District to which he was assigned, his area of assignment casts some doubt as to Plaintiffs' claims. If other Chicago police officers were responsible for the alleged incident, Officer Cothran cannot be held liable for their actions under Illinois law. *See* 745 ILCS 10/2-204 ("[A] public employee … acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person.").

4

Furthermore, under Illinois statute, the City cannot be held liable for negligently failing to train, supervise, and instruct Officer Cothran in proper procedures because Officer Cothran is not himself liable. *See* 745 ILCS 10/2-109 (2006) ("A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable.").

Finally, Plaintiffs accuse Officer Cothran and the City, as his employer, of failing to care for the safety of Mr. Banks. However, because Plaintiffs have offered no evidence that Officer Cothran was present during the alleged incident, neither he nor the City can be held liable on this count.

### C. Count II

Plaintiffs next state a § 1983 claim[2] against Officer Cothran, alleging that he violated Mr. Banks' Fourth Amendment rights through the use of excessive force. However, as explained above, the record is void as to evidence that Officer Cothran was involved in the alleged incident. Therefore, he cannot be held responsible for any Fourth Amendment violations that occurred during the alleged incident. Furthermore, the City cannot be held principally liable for an action that its employee, acting as its agent, did not commit. *See* 745 ILCS 10/2-109.

### D. Count III

The Plaintiffs' third claim is that Officer Cothran, individually and as an agent of the City, committed assault and battery upon Mr. Banks. However, this claim fails for the same reasons described above. As noted earlier, the only evidence before the Court is that Officer Cothran was not working and did not have access to a squad car on the night of the alleged incident. Therefore, he could not have been involved in the alleged incident and Count III fails.

---

[2] Although Plaintiffs, for reasons that are unclear, invoke both 42 U.S.C. § 1982 and § 1983 in their complaint, this cause of action is properly brought under § 1983.

5

Furthermore, the City is entitled to judgment in its favor on Count III because it cannot be held liable when its employee, Officer Cothran, is not himself liable. *See* 745 ILCS 10/2-109.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED in full.

Enter:

/s/ David H. Coar

_____

David H. Coar
United States District Judge

Dated: **November 10, 2008**